IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| **DARNELL DELK** | § | |
| | § | |
| **V.** | § | A-15-CA-1168-SS |
| | § | |
| **WILLIAM STEPHENS, Director,** | § | |
| **Texas Dept. of Criminal Justice-** | § | |
| **Correctional Institutions Division** | § | |

**REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

TO:   THE HONORABLE SAM SPARKS
      UNITED STATES DISTRICT JUDGE

The Magistrate Judge submits this Report and Recommendation to the District Court pursuant to 28 U.S.C. §636(b) and Rule 1(e) of Appendix C of the Local Court Rules of the United States District Court for the Western District of Texas.

Before the Court are Petitioner's Application for Habeas Corpus Relief under 28 U.S.C. § 2254, as amended (Documents 1, 4); Respondent's Amended Answer (Document 12); and Petitioner's Response (Document 13). Petitioner, proceeding pro se, has paid the filing fee for his application. For the reasons set forth below, the undersigned finds that Petitioner's application for writ of habeas corpus should be dismissed without prejudice for failure to exhaust state court remedies.

**STATEMENT OF THE CASE**

**A.   Petitioner's Criminal History**

According to Respondent, the Director has custody of Petitioner pursuant to three judgments and sentences. In cause number 77,322, Petitioner was convicted of aggravated robbery and

sentenced to 90 years imprisonment by the 331st Judicial District Court of Travis County, Texas, on June 18, 1985. In cause number 13,867, Petitioner was convicted of aggravated assault of a correctional officer and sentenced to 18 years imprisonment by the 349th Judicial District Court of Houston County, Texas, on may 5, 1992. In cause number 14,204, Petitioner was convicted of possession of a deadly weapon in a penal institution and sentenced to seven years imprisonment by the 349th Judicial District Court of Houston County, Texas, on June 7, 1993.

Petitioner does not challenge any of his holding convictions. Rather, he challenges his most recent denial of parole. Petitioner indicates his denial date is July 20, 2015. Respondent, however, provides the denial was actually on February 23, 2015.

Petitioner raises as grounds for relief:

1. Senate Bill 213 (Section 508.1411 of the Texas Government Code) requires the parole panel to explain their decision and the reasons for the decision;

2. The parole panel does not give him the same consideration as other potential parolees in violation of the Equal Protection Clause;

3. Senate Bill 213 created a liberty interest because it uses mandatory language; and

4. The denial of parole violates the Double Jeopardy Clause.

Petitioner challenged the denial of his parole in a state application for habeas corpus relief. The Texas Court of Criminal Appeals dismissed the application as successive on September 30, 2015, because Petitioner had not made clear that he was challenging his most recent denial of parole. Ex parte Delk, Appl. No. 21,415-12.

Respondent moves to dismiss Petitioner's application as successive. Respondent notes Petitioner previously filed a federal application challenging the denial of his parole in 2011, and it was denied. Alternatively, Respondent moves to dismiss Petitioner's application for failure to

exhaust state court remedies. Alternatively, Respondent argues Petitioner fails to state a claim cognizable on federal habeas review because a prisoner has no constitutional right to release to parole in Texas and his equal protection claim lacks merit.

## DISCUSSION AND ANALYSIS

### A. Not Successive

An application is not successive merely because it follows an earlier application. In re Cain, 137 F.3d 234, 235 (5th Cir. 1998). Rather, an application is successive when it raises a claim that was "ripe" at the time the applicant filed his prior application or when the application otherwise constitutes an abuse of the writ. Leal Garcia v. Quarterman, 573 F.3d 214, 220–22 (5th Cir. 2009); United States v. Orozco–Ramirez, 211 F.3d 862, 867 (5th Cir. 2000).

Petitioner's instant federal application for habeas corpus relief is not a successive habeas corpus application, because he challenges his most recent denial of parole. Petitioner was denied parole on February 23, 2015. Petitioner's previous federal application was filed in November 2011 and denied in January 2013, long before Petitioner was denied parole most recently. Accordingly, Petitioner's challenge to his 2015 parole denial is not successive.

### B. Exhaustion of State Court Remedies

Petitioner did, however, fail to exhaust his state court remedies. A fundamental prerequisite to federal habeas corpus relief under 28 U.S.C. §2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief. Sterling v. Scott, 57 F.3d 451, 453 (5th Cir. 1995), cert. denied, 516 U.S. 1050 (1996). Section 2254(b) provides:

> (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that:

>   (A)   the applicant has exhausted the remedies available in the courts of the State; or
>
>   (B)   (i) there is an absence of available State corrective process; or
>         (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.

28 U.S.C. § 2254.  This requirement is designed in the interests of comity and federalism to give state courts the initial opportunity to pass upon and correct errors of federal law in a state prisoner's conviction.  Picard v. Connor, 404 U.S. 270, 275-76 (1971).  The purpose and policy underlying the exhaustion doctrine is to preserve the role of the state courts in the application and enforcement of federal law and prevent disruption of state criminal proceedings.  Rose v. Lundy, 455 U.S. 509, 518 (1982)(citing Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484, 490-91 ( 1973)).

A petition under 28 U.S.C. § 2254 "must be dismissed if state remedies have not been exhausted as to any of the federal claims."  Castille v. Peoples, 489 U.S. 346, 349 (1989).  The exhaustion doctrine "requires that the Texas Court of Criminal Appeals be given an opportunity to review and rule upon the petitioner's claim before he resorts to the federal courts."  Richardson v. Procunier, 762 F.2d 429, 431 (5th Cir. 1985).  Once a federal claim has been fairly presented to the Texas Court of Criminal Appeals, either through direct appeal or collateral attack, the exhaustion requirement is satisfied.  See generally, Castille, 489 U.S. at 351.  In order to avoid piecemeal litigation, all grounds raised in a federal application for writ of habeas corpus must first be presented to the state's highest criminal court prior to being presented in federal court.  Rose, 455 U.S. at 522.  If even one claim is unexhausted, the entire petition must be dismissed for failure to exhaust state remedies.  Id.

In the present case, Petitioner did not make clear in his state application for habeas corpus relief that he was challenging the February 23, 2015 denial of parole.  As a result, his state application was dismissed as successive and his claims were not addressed on the merits.  In addition, Petitioner did not raise his double jeopardy claim in his state application.  Accordingly, there has been no fair presentation of his claims to the state court, and thus, the state court has not had the initial opportunity to pass upon and correct any alleged errors of federal law.  Nevertheless, the exhaustion requirement can be excused when exceptional circumstances exist.  <u>Deters v. Collins</u>, 985 F.2d 789 (5th Cir. 1993).  However, Petitioner makes no allegations that any exceptional circumstances are present in this case.  Therefore, the Court finds that Petitioner has failed to exhaust his state court remedies and has failed to allege any circumstances which would allow the Court to excuse the exhaustion requirement.

## RECOMMENDATION

It is, therefore, recommended that Petitioner's Application for Writ of Habeas Corpus be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust available state court remedies.

## CERTIFICATE OF APPEALABILITY

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability."  28 U.S.C. § 2253(c)(1)(A). Pursuant to Rule 11 of the Federal Rules Governing Section 2254 Cases, effective December 1, 2009, the district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant.

A certificate of appealability may issue only if a petitioner has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The Supreme Court fully explained

the requirement associated with a "substantial showing of the denial of a constitutional right" in Slack v. McDaniel, 529 U.S. 473, 484 (2000).  In cases where a district court rejected a petitioner's constitutional claims on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong."  Id.  "When a district court denies a habeas petition on procedural grounds without reaching the petitioner's underlying constitutional claim, a COA should issue when the petitioner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling."  Id.

In this case, reasonable jurists could not debate the dismissal or denial of the Petitioner's section 2254 petition on substantive or procedural grounds, nor find that the issues presented are adequate to deserve encouragement to proceed.  Miller-El v. Cockrell, 537 U.S. 322, 327 (2003) (citing Slack, 529 U.S. at 484).  Accordingly, it is respectfully recommended that the Court shall not issue a certificate of appealability.

## OBJECTIONS

The parties may file objections to this Report and Recommendation.  A party filing objections must specifically identify those findings or recommendations to which objections are being made.  The District Court need not consider frivolous, conclusive, or general objections.  Battles v. United States Parole Comm'n, 834 F.2d 419, 421 (5th Cir. 1987).

A party's failure to file written objections to the proposed findings and recommendations contained in this Report within fourteen (14) days after the party is served with a copy of the Report shall bar that party from de novo review by the district court of the proposed findings and

recommendations in the Report and, except upon grounds of plain error, shall bar the party from appellate review of unobjected-to proposed factual findings and legal conclusions accepted by the district court.  See 28 U.S.C. § 636(b)(1)(C);  Thomas v. Arn, 474 U.S. 140, 150-153 (1985); Douglass v. United Servs. Auto. Assoc., 79 F.3d 1415 (5th Cir. 1996)(en banc).

To the extent that a party has not been served by the Clerk with this Report and Recommendation electronically, pursuant to the CM/ECF procedures of this District, the Clerk is ORDERED to mail such party a copy of this Report and Recommendation by certified mail, return receipt requested.

**SIGNED** on March 10, 2016.

_____
MARK LANE
UNITED STATES MAGISTRATE JUDGE